**Steven Clay JACKSON, Petitioner—Appellant,**

v.

**Derral ADAMS, Warden California Substance Abuse Treatment Facility State Prison Corcoran; et al., Respondents—Appellees.**

No. 05–56645.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 17, 2009.

David James Zugman, Burcham & Zugman, San Diego, CA, for Petitioner–Appellant.

Steven Clay Jackson, Delano, CA, pro se.

Lilia E. Garcia, Esquire, Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

California state prisoner Steven Clay Jackson appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. Petitioner's October 5, 2008 notice of appeal is timely under the district court's order granting leave to file out of time. Fed. R.App. P. 4(a)(6). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Jackson argues that his confrontation clause objection is not procedurally defaulted under California law. We need

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not decide the procedural default issue because this claim fails on the merits. We hold that the trial court was not objectively unreasonable in finding Jackson had an opportunity and the proper incentive to cross-examine his accusers in the preliminary hearing where the testimony of these witnesses and the investigating detective were heard before they became unavailable. *See California v. Green,* 399 U.S. 149, 151, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). Even if there is a confrontation clause violation, the error was harmless in light of Jackson's confessions and other evidence of guilt. *See Forn v. Hornung,* 343 F.3d 990, 999 (9th Cir.2003).

**AFFIRMED.**